## Appeal of Franklin Taylor et al., Admrs. of Estate of Caleb N. Taylor, Deceased.

A trustee who had not filed his account as required by the deed of trust, for some years, was finally compelled to do so by an adverse proceeding of the *cestuis que trust,* and claimed a large credit for expenses of administration of the trust. This amount was disallowed by the court below, but on appeal by the trustee, credit was allowed as to one half, "the costs of this appeal to be paid by the appellees." *Held:* (1) That this only disposed of the costs of the appeal; and (2) that since the appellant had been derelict and his account when filed contained claims which were disputed and finally considerably reduced, he might well be regarded as the losing party and the costs in the lower court were properly imposed on him.

(Argued March 22, 1888. Decided April 23, 1888.)

January Term, 1888, No. 155, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of Common Pleas No. 1 of Philadelphia County imposing on the defendant in Taylor's Appeal, 7 Sad. Rep. 466, all the costs in the court below. Affirmed.

The facts of the case will be found in Taylor's Appeal, 7 Sad. Rep. 466. The court below, on the opinion in that case, entered a decree ordering the defendant, Caleb N. Taylor, trustee, to pay all the costs other than the costs of the appeal to the supreme court. Caleb N. Taylor having died, his administrators were substituted as defendants in his place, and took this appeal, assigning as error the above decree of the court.

*H. La Barre Jayne, Arthur Biddle,* and *George W. Biddle,* for appellants.—The words "decree reversed and the costs of this

NOTE.—For the first hearing in this case, see Taylor's Appeal, 7 Sad. Rep. 466.

appeal to be paid by the appellees" mean that the appellant shall have all the costs in the suit. Kraut v. Fox, 1 W. N. C. 401; Kraut's Appeal, 71 Pa. 67.

The bill charges the defendant with fraud.

Now, there is no rule more general than that where a plaintiff claims on the ground of fraud, the decree or dismissal shall be with costs. Scott v. Dunbar, 1 Molloy, 442; New Brunswick & C. R. & Land Co. v. Conybeare, 9 H. L. Cas. 711; Langley v. Fisher, 9 Beav. 90; West v. Jones, 1 Sim. N. S. 218; Beames, 164, notes 12, 14.

*John G. Johnson,* for appellees, cited: Owings v. Rhodes, 65 Md. 408, 9 Atl. 903; Coleman v. Ross, 46 Pa. 180; and Norman v. Storer, 1 Blatchf. 593, Fed. Cas. No. 10,301.

OPINION BY MR. JUSTICE GREEN:

When we ordered the reversal of the original decree in this case we meant, so far as the costs were concerned, precisely what we said, to wit, "the costs of this appeal to be paid by the appellees." We intended thereby only to dispose of the costs of the appeal and had no thought of determining the costs of the litigation. These costs have now been adjudged by the court below by imposing them upon the trustee.

In view of all the circumstances we cannot say there was error in this action. The trustee was at all times subject to a duty of accounting. But he never filed any account voluntarily, and this made it necessary for the beneficiaries of the trust estate to proceed against him adversely. When his account was filed, it contained claims for large amounts to which the *cestuis que trust* would not agree; and hence litigation became necessary to determine the true state of the account. When that was finally ascertained it was found that the claim of the trustee was very largely reduced. The adjustment of the account was the real and, indeed, the only matter in controversy; for as to the real estate he simply held it as a security for the payment of the amount due to him, and whenever that was paid he was bound to reconvey. But there could be no payment until the amount to be paid was ascertained. The ascertainment of that amount was the substance of the litigation. The amount ultimately found to be due to him being much less than the trust claimed by his account, we think he must be regarded as the losing party.

Decree affirmed and appeal dismissed, at the costs of the appellants.